# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILMER GARCIA GUERRERO,**

          **Petitioner,**

          v.                                                                                                                             Case No. 25-CV-1975

**DALE J. SCHMIDT,**

          **Respondent.**

## ORDER

      Wilmer Garcia Guerrero is in the custody of the Department of Homeland Security (DHS), and he is currently detained at the Dodge County Jail. He seeks a writ of habeas corpus requiring either his release or a prompt bond hearing by immigration officials.

      The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2) (E.D. Wis.). Consequently, in light of Rule 4 of the Rules

Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the petitioner's "Application for Issuance of Order to Show Cause" (ECF No. 2) is moot.

As a preliminary matter, the respondent is the single official having custody of the petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases. The official ultimately in charge of the Dodge County Jail is the Dodge County Sheriff, Dale J. Schmidt. The court substitutes him as the respondent and dismisses all the other officials the petitioner named.

The petitioner presents another in what has become an expansive list of habeas petitions filed around the country challenging the DHS's policy of treating every person who entered the United States without inspection as an "applicant for admission" under 8 U.S.C. § 1225(a)(1). *See, e.g.*, *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 LX 533872 (C.D. Cal. Nov. 20, 2025); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 LX 498566 (E.D. Wis. Oct. 29, 2025). The result is that such persons are not provided bond hearings.

Having reviewed the petition, the court cannot say that it is subject to summary dismissal. Accordingly, the respondent shall answer the petition.

The petitioner, relying in part on 28 U.S.C. § 2243, seeks resolution on an expedited basis. However, the Rules Governing Section 2254 Cases supersede the deadlines set forth in 28 U.S.C. § 2243, and thus the court has wide discretion in setting a schedule for the resolution of the petition. *Brooks v. Pollard*, No. 13-C-0199, 2013 U.S. Dist. LEXIS 91269, at *6 (E.D. Wis. June 27, 2013).

Within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within three days thereafter. Absent further order of the court, the court will resolve the petition on the written submissions.

**IT IS THEREFORE ORDERED** that Dale J. Schmidt is substituted as the respondent. All other individuals and entities named by the petitioner are dismissed.

**IT IS FURTHER ORDERED** that the petitioner's "Application for Issuance of Order to Show Cause" is dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk shall promptly serve the respondent.

**IT IS FURTHER ORDERED** that, within seven days of this order, the respondent shall show cause why the writ should not issue. The petitioner shall respond no later than three days thereafter.

Dated at Green Bay, Wisconsin this 17th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
